*E-FILED - 1/15/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN ABPIKAR, | No. C 08-4436 RMW (PR) |
| Petitioner, | ORDER DENYING RECONSIDERATION, PRELIMINARY INJUNCTION AND EMERGENCY RELIEF; DIRECTING CLERK TO ENTER JUDGMENT |
| vs. | |
| EDWARD FLORES, Chief of Corrections, County of Santa Clara Department of Corrections, | |
| Respondent. | (Docket Nos. 5, 6, 7) |

On September 30, 2008, petitioner, a pretrial detainee incarcerated at the Santa Clara County Jail and proceeding pro se, filed the above entitled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is facing federal charges in this court for violating 18 U.S.C. §§ 1001(a)(1),(2), (3), 1015(a),(d),[1] and he has posted the required bail for his pretrial release on those charges. However, petitioner asserts that he is nevertheless being held in custody by the Immigration and Customs Enforcement Service. In his petition, petitioner claimed that he had not been brought "before an immigration judge who could and would set bail pending a removal proceeding." (Pet. 2:19-20.) Because the court understood that petitioner had appeared before an immigration

---

[1] Petitioner's criminal case is currently pending in this court, under case number CR 08-00560 RMW (PVT).

G:\PRO-SE\SJ.Rmw\HC.08\Abpikar4436rec.wpd    1

judge, rendering petitioner's claim that he had not been brought before an immigration judge moot, the court dismissed the petition for a writ of habeas corpus. In the order dismissing the petition, however, the court indicated that petitioner could file a motion for reconsideration if the court's understanding was erroneous.

Petitioner has filed a request for reconsideration, as well as an amended petition for a writ of habeas corpus and various amendments to his petition (collectively referred to herein as "the amended petition").[2] In the amended petition, petitioner indicates that he did indeed, on November 24, 2008, appear before an immigration judge. Amend. Pet., Dec. 12, 2008, at 5:4-5. The immigration judge denied his motion to "terminate" removal proceedings and his motion for a bond hearing, finding that petitioner is subject to mandatory detention pending removal proceedings pursuant to 8 U.S.C. § 1226(c). Id. at 5:5-10. The amended petition challenges the immigration judge's decision, seeking both an individual bond hearing and to "terminate" the removal proceedings. Id. at 18.

Petitioner indicates, however, that he has not exhausted his administrative remedies by appealing the immigration judge's decision to the Bureau of Immigration Appeals ("BIA"), claiming that to do so would be futile. Id. at 3. Exhaustion is not *statutorily* required for challenges to preliminary custody or bond determinations by an immigration judge, such as petitioner's challenge to the immigration judge's decision herein . Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (emphasis added); cf. 8 U.S.C. § 1252 (d) (requiring exhaustion for challenges to final orders of removal). However, when "a petitioner with a statutory argument that has a reasonable prospect of affording him relief" challenges an immigration judge's preliminary custody or bond determination, as petitioner does in his amended petition, he "may not skip the administrative process and go straight to federal court by simply reconstituting

---

[2] Petitioner filed an amended petition on December 12, 2008. On December 16, 2008, he filed another "petition" which was in fact his motion for reconsideration and not a petition. On December 22, 2008, he filed an amendment to his petition, which included a request for a preliminary injunction, and on January 5, 2009, he filed a further amendment to his petition. The court has considered the amended petition as supplemented and amended by the subsequent amendments thereto, as well as petitioner's requests for reconsideration and immediate relief.

1  his claim as constitutional and claiming futility." <u>Gonzalez</u>, 355 F.3d at 1018.  Here, petitioner
2  argues that the immigration applied the statutes governing his detention incorrectly, and there is
3  no indication or authority that petitioner has no "reasonable prospect" of relief from the BIA.
4  <u>Compare</u> <u>id.</u> at 1018-19 (finding no reasonable prospect of relief where BIA had "clearly and
5  repeatedly" rejected identical claim being raised by petitioner).  Consequently, petitioner must
6  exhaust his administrative remedies before he can challenge the immigration judge's decision in
7  federal court.

8       Accordingly, petitioner's request for reconsideration of the dismissal of this matter
9  (Docket No. 5) is DENIED.  The dismissal is without prejudice to petitioner filing a new habeas
10 petition after administrative remedies have been exhausted.  Petitioner's requests for a
11 preliminary injunction (Docket No. 7) and for emergency relief (Docket No. 6) are DENIED in
12 light of the dismissal of this matter.

13      The Clerk shall close the file, enter judgment and terminate docket numbers 5, 6 and 7.
14      IT IS SO ORDERED.

15 DATED: __1/13/09_____
16                                      RONALD M. WHYTE
                                     United States District Judge

G:\PRO-SE\SJ.Rmw\HC.08\Abpikar4436rec.wpd       3